UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANN MARGARET ISABELL, )<br>)<br>Defendant. ) | No.: 3:19-CR-57-TAV-DCP-12 |

## MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court on defendant's motion [Doc. 548] requesting a sentence reduction based on her post-sentencing rehabilitation. Since defendant has been incarcerated, she has received seven certificates regarding drug education, parenting, and anger management, among other topics [Doc. 548-1, pp. 5–11]. She contends that 18 U.S.C. § 3742(e), *Pepper v. United States*, 562 U.S. 476 (2011), and a case from the District of West Virginia provide a basis for reducing her sentence.

However, "once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although defendant cites § 3742(e), the statute merely describes the review an appellate court performs when a defendant appeals a sentence; it does not provide an independent basis for sentence reduction. *See United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) (Section 3742 is the "basis for appellate review of a district court's sentencing decisions" and does "not grant jurisdiction to a district court to review a final sentence.").

Defendant argues that in *Pepper*, the court granted a downward variance on the basis of defendant's lack of violent history and post-sentencing rehabilitation. In fact, *Pepper* held that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range." 562 U.S. at 481. However, because no appeal was filed in this case, defendant's sentence has not been set aside such that her rehabilitation may be considered like in *Pepper*. Rehabilitative efforts therefore provide no independent basis for the Court to reduce defendant's sentence.

Finally, defendant states a defendant in West Virginia received a 30-month sentence reduction for programming at Alderson Prison Camp. However, the amended judgment, provided by the government as an attachment [Doc. 555-1] indicates that the defendant's sentence was reduced pursuant to Federal Rule of Criminal Procedure Rule 35(b), not § 3742(e). Rule 35(b), which provides for a sentence reduction based upon specified changed circumstances, is not applicable in this case.

Overall, defendant has not identified a basis for a sentence reduction. Accordingly, her motion [Doc. 548] for reconsideration in light of her post-sentencing rehabilitation is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE